IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES SPEAR,

    Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,
CONNIE SAMPSON, CARLTON MULLIS,
and ANTHONY COLEMAN,
individually,

    Defendants.

CIVIL ACTION NO.
1:12-cv-1950-JEC

**ORDER AND OPINION**

    This case is before the Court on defendants' Motion to Dismiss in Lieu of an Answer [8].

    Plaintiff has brought an age discrimination claim, pursuant to 42 U.S.C. § 1983, arguing that his Equal Protection right to be free from discrimination based on age was violated. Plaintiff did not bring an age claim under the seemingly more apt Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. In support of their motion to dismiss plaintiff's claim, defendants contend that any potential age discrimination claim under the Equal Protection Clause, via § 1983, is precluded by the ADEA. (Defs.' Mot. to Dismiss [8] at 1.)

While the parties indicate that the Eleventh Circuit has never reached this question, a former Fifth Circuit case, which constitutes binding precedent for this Court, supports defendants' argument. *See Paterson v. Weinberger,* 644 F.2d 521 (5th Cir. 1981).[1] In reviewing a claim of age discrimination brought by a federal military civilian employee, brought pursuant to both the ADEA and to the Fifth Amendment of the Constitution, the former Fifth Circuit in *Paterson* dismissed the latter claim, but let the ADEA claim proceed. *Id.* at 525. In doing so, the Court explained that "by establishing the ADEA's comprehensive scheme for the resolution of employee complaints of age discrimination in federal employment, Congress clearly intended that all such claims of age discrimination be limited to the rights and procedures authorized by [the ADEA]."

In disagreement with that holding, the Seventh Circuit has recently gone the other direction, holding that the ADEA does not preclude a § 1983 age discrimination claim. *See Levin v. Madigan,* 692 F.3d 607 (7th Cir. 2012). A petition for certiorari was filed by the defendants in *Levin*, and the Supreme Court this date has granted certiorari. *See Madigan v. Levin*, ___ S. Ct. ___, No. 12-872, 2013 WL 182748, 81 U.S.L.W. 3413 (U.S. Mar. 18, 2013). According to the

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc). *Paterson* was decided on May 8, 1981.

summary in the United States Law Week, the question presented was:

> Did the U.S. Court of Appeals for the Seventh Circuit err by holding, in an acknowledged departure from the rule in at least four other circuits, that state and local government employees may avoid the Age Discrimination in Employment Act's comprehensive remedial regime by bringing age discrimination claims directly under the Equal Protection Clause and 42 U.S.C. § 1983?

U.S.L.W., Vol. 13, No. 16 (Mar. 18, 2013).

As the Supreme Court's decision in *Madigan* should resolve the question underlying defendants' motion to dismiss, the Court **DENIES WITHOUT PREJUDICE** that motion [8] and **STAYS** this case pending a decision by the United States Supreme Court.

SO ORDERED, this <u>18th</u> day of <u>MARCH</u>, 2013.

<u>/s/ Julie E. Carnes           </u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)