IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| James Spear, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:12-cv-01950-WBH |
| The Board of Regents of the | |
| University System of Georgia, *et al.*, | : |
| Defendant. | : |

## ORDER

This matter is before the court on Defendant's motion to dismiss [19].

Pursuant to 42 U.S.C. § 1983, Plaintiff, James Spear, a former police officer with the Georgia State University police department, filed suit against Defendants, the Board of Regents of the University System of Georgia, Connie Sampson, Carlton Mullis, and Anthony Coleman, alleging that Defendants had violated his Equal Protection right to be free from discrimination based on age. Plaintiff did not bring an age claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*

In their motion to dismiss, Defendants contend that Plaintiff's age discrimination claim under the Equal Protection Clause is precluded by the ADEA, which contains a comprehensive remedial scheme. The statutory language in the ADEA, Defendant argues, clearly evidences Congressional intent to make the ADEA the exclusive remedy.

AO 72A
(Rev.8/82)

Plaintiff responds that variances in the rights and protections offered under the ADEA and the Equal Protection Clause counsel against a finding that the ADEA precludes an age discrimination claim based on the Equal Protection Clause. Plaintiff further states that prior precedential cases do not address the claims of state, as opposed to federal employees. Plaintiff contends this is significant because the Supreme Court in *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000), held that state employees could not raise a claim for damages under the ADEA because they were barred by Eleventh Amendment sovereign immunity. This is more significant in Georgia, Plaintiff avers, because while Georgia bars age discrimination in general, there is no remedy for damages under state law. Because such relief is barred for state employees, Plaintiff argues that his Equal Protection Claim via § 1983 should not be precluded.

The Eleventh Circuit has not addressed this specific question, and there is a split of authority among the Courts of Appeals. The Seventh Circuit, relying on *Fitzgerald v. Barnstable School Commission*, 555 U.S. 246 (2009), concluded that the ADEA does not bar an age discrimination claim under the Equal Protection Clause. *Levin v. Madigan*, 692 F.3d 607 (7th Cir. 2012). Meanwhile, the Third Circuit, also relying on the Supreme Court's opinion in *Fitzgerald*, rejected the Seventh Circuit's reasoning in *Levin* and held that a state government employee could not bring an age discrimination claim under § 1983 and the Equal Protection Clause.

This Court has carefully reviewed the Seventh and Third Circuits' opinions and concludes that it agrees with (and herein adopts) the sound reasoning of the Third Circuit. Numerous other circuits have also held that the ADEA precludes § 1983 Equal Protection Clause claims of age discrimination. *See Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051 (9th Cir. 2009); *Tapia-Tapia v. Potter*, 322 F.3d 742 (1st Cir. 2003); *Migneault v. Peck*, 158 F.3d 1131 (10th Cir. 1998), *vacated on other grounds*, 528 U.S. 1110 (2000); *Lafleur v. Tex. Dep't of Health*, 126 F.3d (5th Cir. 1997); *Chennareddy v. Bowsher*, 935 F.2d 315 (D.D. Cir. 1991); *Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364 (4th Cir. 1989).

Furthermore, in *Paterson v. Weinberger*, 644 F.2d 521, 525 (5th Cir. 1981),[1] the former Fifth Circuit held that complaints of age discrimination by a federal employee can be brought under the ADEA only. Several courts in this district have also concluded that the ADEA precludes age discrimination suits under the Equal Protection Clause for state as well as federal employees. *See, e..g., Ford v. City of Oakwood*, 905 F. Supp. 1063 (N.D. Ga. 1995) (O'Kelley, J.); *Richards v. City of Atlanta*, 2013 WL 1129197 (N.D. Ga. Mar. 19, 2013) (Cooper, J.); *Collins v. Fulton County School District*, 2012 WL 7802745 (N.D. Ga. Dec. 26, 2012) (Anand, M.J.), Report and Recommendation adopted in relevant part, Civil Action No. 1:12-CV-1299, Order, dated February 27, 2013.

---

[1] *Paterson* was decided on May 8, 1981. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

AO 72A
(Rev.8/82)

Based on the majority view of the Courts of Appeals, as well as the manner in which the ADEA has been applied in the Eleventh Circuit and this Court, this Court finds that the ADEA precludes Plaintiff's suit under the Equal Protection Clause.

As such, Defendant's motion to dismiss [19] is **GRANTED** and the Plaintiff's complaint is **DISMISSED**. The Clerk of the Court is **DIRECTED** to close this action.

**IT IS SO ORDERED** this 27th day of August, 2014.

_____
WILLIS B. HUNT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)